**John J. JOHNSTON and Evelyn R. Johnston, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. CV–82–167–H.**

United States District Court, D. Montana, Billings Division.

Nov. 20, 1984.

Sol Lovas, Felt & Martin, Billings, Mont., for plaintiffs.

Lorraine Gallinger, Asst. U.S. Atty., Billings, Mont., John D. Steffan, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BATTIN, Chief Judge.

This case is before the Court on cross-motions for summary judgment. For the reasons stated below, the plaintiffs' motion for summary judgment is granted, and the defendant's motion for summary judgment is denied.

## FACTS AND PROCEDURE

This is a suit for a refund of taxes paid by the plaintiffs. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1). During tax years 1974 through 1979, plaintiffs purchased numerous pieces of equipment for use in and about Leisure Village, a mobile home park owned and operated by plaintiffs. This equipment included a street sweeper, a grader, a drill press, lawn mowers, etc. Plaintiffs claim the investment tax credit under Internal Revenue Code (IRC) § 48 for the purchase of this equipment. Upon audit, the Internal Revenue Service (Service) took the position that the investment tax credit was not allowable with respect to the equipment because it was used to furnish lodging or in connection with the furnishing of lodging and was therefore disqualified by IRC § 48(a)(3). Plaintiffs claim that the investment tax credit is allowable because they rent only mobile home spaces, not mobile homes, and are therefore not furnishing lodging. The parties have stipulated to the facts of this case and agree that the resolution of the case is purely a legal question and therefore proper for summary judgment.

## DISCUSSION

The legal issue of this case is whether the equipment purchased by plaintiffs qualifies for the investment tax credit under IRC § 48(a)(1)(A) or whether it is excluded by reason of IRC § 48(a)(3) which excludes property which is "used predominantly to furnish lodging or in connection with the furnishing of lodging." There is also an equity issue in this case, that is, whether the Service should be bound by the position it took in a previous audit of the plaintiffs' tax returns.

During an audit of the plaintiffs' returns for 1971 through 1973, the Service took the position that the Leisure Village mobile home park was not "residential rental property," and therefore its § 1250 property did not qualify for the special accelerated depreciation rates allowed by IRC § 167(j). This position was stated in the 30-day letter sent to the plaintiffs on August 19, 1975. The language of that letter is very important to the resolution of this case. At pages 3 and 4 of the letter the Service states as follows:

> Lastly, under depreciation expense, you are depreciating all the real property (Section 1250 property) using the 200% declining-balace method. Regulation Section 1.167(j)–3(a) states that the 200% declining-balance method of depreciation can be used on new "residential rental property." Regulation Section 1.167(j)–3(b)(i) states "the term 'residential rental property' means, for any taxable year, *a building or structure used to provide living accommodations on a rental basis. ... Generally, a dwelling unit is a house or an apartment used to provide living accommodations.*
>
> *Since you are renting trailer spaces and not dwelling units, the 200% declining-balance method of depreciation is not available.*

(Emphasis added.) In other words, the Service told the plaintiffs that they were renting mere trailer spaces, not living accommodations. The plaintiffs abided by this determination of the Service and used a different depreciation method. Now the Service is contending that the trailer spaces that the plaintiffs are renting furnish lodging to the renters. The Service might think that the words "living accommodations" and "lodging" have different meanings, but neither this Court nor Webster's

**28**

Third New International Dictionary does. Webster's uses each of the words to define the other.

▮ In tax law there is a doctrine known as the duty of consistency or quasi estoppel. *See* cases cited at footnote 1 § 60.04, 10 Mertens, *Law of Federal Income Taxation* (1976). The doctrine is used to prevent a taxpayer or the Service, after taking a position in one year to its advantage and after correction is barred, from shifting to a contrary position in a later year. The elements of the duty of consistency are as follows:

(1) The taxpayer or Service has made a representation of fact or reported an item for tax purposes in one tax year.

(2) The taxpayer or Service has acquiesced or relied on that fact for that year.

(3) The taxpayer or Service desires to change the representation, previously made, in a later tax year.

*Alamo National Bank v. Commissioner,* 95 F.2d 622 (5th Cir.1938).

▮ These elements are applicable to the facts of the instant case. (1) A representation was made by the Service that the mobile home court did not qualify for § 167(j) depreciation method because the trailer spaces were not living accommodations. (2) The plaintiffs relied on this determination and changed their depreciation method to one acceptable to the Service and less favorable to the plaintiffs. (3) The Service now desires to change that representation and disallow the plaintiffs' investment tax credit because the plaintiffs are furnishing lodging. The Service cannot have it both ways. The taxpaying public has an interest in seeing its government deal fairly with its citizens. *United States v. Wharton,* 514 F.2d 406, 412–13 (9th Cir. 1975). The plaintiffs' motion for summary judgment will be granted.

The Court emphasizes that this holding is of necessity limited to the unique circumstances of this case. The Court has not ruled upon the legal issue of whether a mobile home park in general furnishes lodging and thus is excluded from using IRC § 48(a)(1)(A) investment tax credits because of the exclusion of IRC § 48(a)(3). That precise question has never been decided by any court, and only two cases even tangentially touch upon the issue. *See Aaron Rents, Inc. v. United States,* 462 F.Supp. 65 (N.D.Ga.1978); *Liebl v. United States,* 72–2 U.S.T.C. ¶ 9681 (D.C.S.D.Ohio 1972). The Court is simply holding in the unique facts of this case that the plaintiffs will be permitted to take the investment tax credits based upon the reliance of the Service's earlier determination.

The Court will issue an order in conformity with this Memorandum Opinion.