WILLIAM D. COLDIRON, JR. and CAROLE M. COLDIRON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WILLIAM C. [1] COLDIRON and LOIS M. COLDIRON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Coldiron v. Commissioner
Docket Nos. 20837-84; 20838-84.
United States Tax Court
T.C. Memo 1987-569; 1987 Tax Ct. Memo LEXIS 569; 54 T.C.M. (CCH) 1084; T.C.M. (RIA) 87569; November 16, 1987. *569 Comtex, a California corporation, was formed in 1975. Petitioners and a nonpetitioner owned all the outstanding stock of Comtex. During the years 1975-1978, petitioners, believing that Comtex was a Subchapter S corporation, deducted their proportionate shares of Comtex's losses for such years. In 1979, an audit by respondent revealed that Comtex had failed to file Form 2553, as required by section 1372, I.R.C. 1954. Respondent accordingly disallowed the deductions claimed by petitioners, except for those taken in 1975 which could not be disallowed due to the expiration of the three-year period of limitations. In 1980, Comtex was liquidated and petitioners respectively claimed entitlement on their 1980 tax returns to a loss with respect to their equity ownership in Comtex. Respondent disallowed such loss, claiming petitioners' bases in the Comtex stock should be reduced to zero by reason of the deductions erroneously taken in 1975. Held: Petitioners are not entitled to any loss deduction as the result of liquidation of Comtex in 1980 because their losses with respect to the Comtex stock must be reduced by the deductions erroneously taken in 1975. James M. Allen, for the petitioners. *570 Paul R. Zamolo, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Petitioners
Year
Deficiency
William D. Coldiron
1980
$ 5,017
and Lois M. Coldiron [2]
1981
422
William D. Coldiron, Jr.
1980
$ 7,910
and Carole M. Coldiron
The sole issue to be decided is the amount of loss, if any, to which petitioners are entitled as the result of the liquidation of Comtex, Inc. (Comtex). To resolve this issue, we must determine petitioners' adjusted bases in their Comtex stock; and in so doing, we must decide whether petitioners' bases are to be reduced by the amount they deducted on their 1975 joint tax returns as their proportionate shares of Comtex's 1975 net operating loss (on the erroneous premises that Comtex was an "electing small business corporation" within the purview of Subchapter S of 3 the Internal Revenue Code), [3] for which any adjustment is now *571 time-barred. FINDINGS OF FACT The facts in this case have been fully stipulated pursuant to Rule 122 and, to the extent relevant and material to the issue to be decided, they are so found. Petitioners William D. Coldiron (William Sr.) and Lois M. Coldiron, husband and wife, resided in Los Altos, California at the time their petition was filed. Petitioners William D. Coldiron, Jr. (William Jr.) and Carole M. Coldiron, husband and wife, resided in Menlo Park, California at the time their petition was filed. William Sr. is the father of William Jr. Comtex was organized under the laws of California in January, 1975. It was authorized to issue 500,000 shares of common stock; 92,600 shares of such stock were outstanding at all relevant times. William Sr. acquired 61,600 shares of Comtex stock in 1975 for which he paid $ 61,600; he held such shares until December 31, 1980. William Jr. acquired 15,500 shares of Comtex common stock in 1975 for which he paid $ 15,500; he also held such shares until *572 December 31, 1980. Neither William Sr. nor William Jr. acquired any additional Comtex stock. [4]
Comtex incurred operating losses in 1975, 1976, 1977, and 1978; petitioners deducted their proportionate shares of these losses on the premise that Comtex as an "electing small business corporation" within the purview of Subchapter S of the Internal Revenue Code. In late 1979, an audit by respondent revealed that Comtex had failed to file Form 2553, Election by a Small Business Corporation, as required by section 1372 and the regulations thereunder. Respondent determined, therefore, that Comtex did not qualify as a Subchapter S corporation. As a result, respondent disallowed the deductions claimed by petitioners on their 1976 and 1977 income tax returns as their proportionate shares of Comtex's losses. [5] However, the 1975 loss was not disallowed since the period of limitations on assessment barred adjustment for that year. [6] *573 In December, 1980, Comtex was liquidated pursuant to section 331. Petitioners treated their Comtex stock as worthless at the time of the liquidation and deducted, as a business expense, the entire amount of their investment in Comtex. [7]
Respondent disallowed these deductions, claiming that as a result of the deductions taken in 1975 (which could not be disallowed due to the expiration of the three-year period of limitations), petitioners' bases in their Comtex stock at the time of liquidation was zero. Petitioners claim entitlement to the deductions, arguing that their cost bases in the Comtex stock should not be reduced for deductions erroneously taken in 1975. [8] *574 OPINION Section 165(g) provides that "If any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall, * * * be treated as a loss from the sale or exchange * * * of a capital asset." However, an individual taxpayer may treat the loss with respect to so-called "section 1244 stock" as an ordinary loss up to certain specified amounts. [9]Section 1244(a) and (b). The parties agree that Comtex shares qualified as section 1244 stock and that at the time Comtex was liquidated (i.e., December, 1980), those shares were worthless. The allowable amount of petitioners' respective losses with respect to the Comtex *575 stock is the excess of their respective adjusted bases in the stock over the respective amounts realized. See section 1011(a). Here, the amount realized was zero. Thus, in order for us to determine the amount of the losses, if any, to which petitioners respectively are entitled, petitioners must establish the amounts of their adjusted bases in the Comtex stock. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In general, the basis of property is its cost. Section 1012. Section 1016, however, provides for certain adjustments to basis. Specifically, section 1016(a)(18) [now section 1016(a)(17)] requires an adjustment to the basis of stock in an electing small business corporation (i.e., a Subchapter S corporation) in accordance with section 1376. Section 1376(b)(1) provided that "The basis of a shareholder's stock in an electing small business corporation shall be reduced (but not below zero) by an amount equal to the amount of his portion of the corporation's net operating loss for any taxable year attributable to such stock * * *." During 1975, Comtex reported a net operating loss of $ 137,162, of which William Sr. claimed a loss of $ 91,696 on his 1975 joint tax return *576 and William Jr. claimed a loss of $ 22,993 on his 1975 joint tax return. These amounts, which ostensibly represented petitioners' cost bases in their Comtex stock. The parties agree that Comtex did not qualify as a Subchapter S corporation and that petitioners were not entitled to deduct their proportionate shares of Comtex's 1975 net operating loss. Further, petitioners do not dispute that had there been a valid Subchapter S election, thus entitling them to deduct their proportionate shares of Comtex's 1975 loss, they would have been required to reduce their bases in the Comtex stock to zero pursuant to section 1376(b)(1). Petitioners argue, however, that since Comtex did not qualify as a Subchapter S corporation, no adjustment to basis should be made and that their bases in the Comtex stock remain its cost. Respondent disagrees and contends that under the judicially espoused theory of consistency, as well as the tax benefit rule, petitioners are required to adjust the bases in their Comtex stock by the amount of the net operating loss deductions claimed by petitioners in 1975. We agree with respondent. Petitioners argue, and we agree, that section 1016(a)(18) does not specifically *577 refer to the situation involved herein. If this were the sole analysis to be undertaken, no basis adjustment would be required, and petitioners would be entitled to the loss as claimed. However, section 1.1016-6(a), Income Tax Regs., provides that basis adjustments are to be made to prevent "double deductions or their equivalent." Petitioners have already received a deduction for their proportionate shares of Comtex's net operating loss in 1975; they now seek a deduction for worthless stock in 1980, without an adjustment on account of the prior deduction. Respondent, in response to this attempted treatment, argues that an adjustment to petitioners' bases is required under the theory of consistency of quasi-estoppel. Section 1.1016-6(b), Income Tax Regs., provides that "In determining basis, and adjustments to basis, the principles of estoppel apply, as elsewhere under the Code and prior internal revenue laws." In Unvert v. Commissioner,72 T.C. 807, 814 (1979), affd. 656 F.2d 483 (9th Cir. 1981), we adopted the duty of consistency doctrine, also termed quasi-estoppel. The three prerequisites for application of this doctrine, as set forth in Beltzer v. United States,495 F.2d 211, 212 (8th Cir. 1974), *578 are: (1) the taxpayer has made a representation or reported an item for tax purposes in one year, (2) the Commissioner has acquiesced in or relied on that fact for that year, and (3) the taxpayer desires to change the representation, previously made, in a later year after the statute of limitations on assessment bars adjustments for the initial tax year. Here, all three prerequisites are satisfied. Petitioners represented, by taking deductions on their 1975 (and later) returns, that Comtex was a valid Subchapter S corporation, which enabled petitioners individually to deduct their proportionate shares of corporate losses. Respondent allowed petitioners' losses in 1975, relying on the implied representation that Comtex has filed a valid election to be a Subchapter S corporation. By the time respondent discovered that the required election had not been filed, the period of limitations had expired, petitioners claimed that since Comtex was not a Subchapter S corporation, their bases should not be reduced. To accede to petitioners' position would be to reward them for taking an improper deduction; this we shall not do. This is a claim for a double deduction for which a basis adjustment *579 is required under section 1.1016-6(a), Income Tax Regs. Petitioners must, therefore, treat Comtex as a Subchapter S corporation for the limited purposes of determining the amount of loss to which they are entitled as a result of the liquidation of Comtex. [10]
Since petitioner William Sr. deducted $ 91,696 in 1975 as his proportionate share of Comtex's 1975 loss, and since his cost basis was $ 61,600, his adjusted basis in his Comtex stock is zero. Sections 1011, 1012 and 1016. Similarly, since petitioner William Jr. deducted $ 22,993 in 1975 as his proportionate share of Comtex's 1975 loss and since his cost basis was $ 15,500, his adjusted basis in his Comtex stock is zero. Sections 1011, 1012 and 1016. Accordingly, petitioners are not entitled to claim *580 a loss as the result of the liquidation of Comtex in 1980. [11]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. William Coldiron's middle initial is D, not C; hereafter, we will use his correct middle initial. ↩
2. Lois M. Coldiron and Carole M. Coldiron are parties hereto solely by virtue of having filed joint returns with their husbands. Unless otherwise specified, we will refer to William D. Coldiron and William D. Coldiron, Jr. as petitioners. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. The remaining 15,500 shares were owned by Ronn W. Coldiron who is not a party hereto. ↩
5. The record does not indicate whether respondent disallowed the deductions claimed by petitioners on their 1978 income tax returns. ↩
6. During the taxable year 1975, Comtex sustained a net loss of $ 137,162; on their tax returns for such year, William Sr. and William Jr. deducted $ 91,696 and $ 22,993, respectively, as their proportionate shares of Comtex's 1975 loss. 7. William Sr. claimed a deduction of $ 66,667 and William Jr. claimed a deduction of $ 16,667. The difference between the amount of their investment in Comtex and the amount of the deduction was not explained; we will ignore such difference as it is de minimis. ↩
8. The parties agree that the Comtex stock is section 1244 stock. The parties further agree that in the event we find that petitioners are entitled to a loss in 1980, William Sr. is entitled to a section 1244 loss in the amount of $ 50,000 and a long-term capital loss in the amount of $ 11,600, and that William Jr. is entitled to a section 1244↩ loss in the amount of $ 15,500. 9. With respect to stock issued prior to November 7, 1978, the amount of the allowable ordinary loss on section 1244↩ stock was $ 50,000 in the case of a husband and wife filing a joint return for the year in which the loss was incurred. 10. Respondent's tax benefit theory argument also has merit. The fundamental analysis used to support the duty of consistency doctrine or quasi-estoppel is essentially the same as that required under the tax benefit theory. See Unvert v. Commissioner, supra.↩As such, we could (and would) alternatively find that petitioners received an erroneous tax benefit in 1975, which should be recovered, by way of a basis adjustment, in 1980. 11. Our finding that petitioner William Sr. is not entitled to a loss in 1980 with respect to the Comtex stock precludes William Sr.'s related carryover of a charitable contribution deduction to 1981, as determined by respondent in the notice of deficiency. ↩