T.C. Memo. 1998-145


UNITED STATES TAX COURT


ESTATE OF HILDA ASHMAN, DECEASED,
PHILLIP ASHMAN, PERSONAL REPRESENTATIVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15578-96.                    Filed April 22, 1998.


   In 1990, D received a distribution from a qualified
pension plan and reported that it was timely rolled
over pursuant to sec. 402, I.R.C.  In 1993, D received
a distribution from the transferee plan.  R determined
that the 1993 distribution is taxable income to D.  The
1990 distribution was not timely rolled over, and the
period to assess tax for 1990 is expired.  P contends
that the 1993 distribution is not taxable because the
taxable event occurred in 1990.  R argues that P is
estopped under the duty of consistency from arguing
that the 1990 distribution was taxable.  P argues that
appellate venue in this case would be to the Court of
Appeals for the Ninth Circuit, which does not recognize
the doctrine of the duty of consistency in tax
deficiency cases.
   <u>Held</u>:  The 1993 distribution is taxable under the
duty of consistency.


<u>Steven R. Mather</u> and <u>Elliott H. Kajan</u>, for petitioner.

<u>T. Ian Russell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined a deficiency in the Federal income tax of decedent Hilda Ashman for the taxable year 1993 of $54,542 and a section 6662[1] accuracy-related penalty of $10,908.  After concessions, the issue for our consideration is whether a distribution received by decedent in 1993 from an individual retirement account is included in her taxable income. Respondent has conceded the penalty.

### FINDINGS OF FACT

The facts in this case have been fully stipulated, and the case was submitted to the Court under Rule 122.  At the time the petition was filed, the personal representative of the estate resided in Newport Beach, California.

On December 19, 1990, decedent received a $725,502 distribution from a pension plan that was qualified under section 401 (1990 pension distribution).  On February 27, 1991, decedent deposited $101,127.85 into an account with Great Northern Insured Annuity Corp. (GNA).  The deposit consisted of $100,502.21 from the 1990 pension distribution plus interest thereon.  Decedent made the deposit into the GNA account more than 60 days after she received the 1990 pension distribution.  Accordingly, the GNA deposit did not qualify as a timely rollover of the 1990 pension

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

distribution, and $100,502.21 of the 1990 pension distribution was not entitled to tax-deferred rollover treatment.

On her 1990 Federal income tax return, decedent reported that the entire amount of the $725,502 pension distribution, including the amount deposited with GNA, was nontaxable because it was timely rolled over. In a statement attached to the return, decedent reported that she received a distribution of $725,502 from "Golden State" and rolled over the entire amount into an account with "Merrill Lynch".

In 1993, decedent received two distributions from GNA that totaled $99,632 (GNA distribution). GNA issued to respondent a Form 1099-R (Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.) that reported a gross distribution to decedent in the amount of $101,656 and a taxable distribution of $99,632. On her 1993 income tax return, decedent did not report the GNA distribution as taxable income. The period for assessment of an income tax deficiency for taxable year 1990 has expired.

## OPINION

In general, distributions from qualified retirement plans are included in the income of the distributee in the year of distribution. Secs. 72, 402. An exception exists if the distribution is rolled over into an eligible retirement plan within 60 days of receipt of the distribution. Sec. 402(a)(5)(C).

Petitioner argues that the 1993 GNA distribution is a nontaxable return of principal.  Petitioner contends that the taxable event with respect to the GNA distribution occurred during 1990, and not during 1993, because the 1990 pension distribution was not timely rolled over pursuant to section 402(a).  Respondent argues that petitioner is estopped under the duty of consistency from denying that there was a timely rollover of the 1990 pension distribution as reported on decedent's 1990 return.  Petitioner argues that the duty of consistency is not a viable judicial doctrine.  Alternatively, petitioner argues that the duty of consistency does not apply in this case.[2]

The duty of consistency, or quasi-estoppel, is an equitable doctrine that prevents a taxpayer from adopting a position for a particular year and, after the period of limitations has expired for that year, adopting a contrary position that affects his or her tax liability for an open year.  E.g., Herrington v. Commissioner, 854 F.2d 755, 757 (5th Cir. 1988), affg. Glass v. Commissioner, 87 T.C. 1087 (1986); LeFever v. Commissioner, 103 T.C. 525, 541-542 (1994), affd. 100 F.3d 778 (10th Cir. 1996). The duty of consistency applies when:  (1) The taxpayer made a representation or reported an item for Federal income tax purposes in one year, (2) the Commissioner acquiesced in or

---

[2]  Petitioner also contends that respondent reneged on a settlement proposal and asserted the duty of consistency on the eve of trial.  In this regard, petitioner argues that we should not grant equitable relief to respondent through the duty of consistency because respondent has unclean hands.  We find this aspect of petitioner's argument to be without merit.

relied on that representation or report for that year, and (3) the taxpayer attempts to change that representation or report in a subsequent year, after the period of limitations has expired with respect to the year of the representation or report, and the change is detrimental to the Commissioner. LeFever v. Commissioner, supra at 543; see also Herrington v. Commissioner, supra at 758; Shook v. United States, 713 F.2d 662, 667 (11th Cir. 1983); Beltzer v. United States, 495 F.2d 211, 212 (8th Cir. 1974); Cluck v. Commissioner, 105 T.C. 324, 332 (1995). When these requirements are met, the Commissioner may treat the previous representation by the taxpayer as true, although, in fact, it is not. Herrington v. Commissioner, supra. The duty of consistency is an affirmative defense raised by respondent, and respondent has the burden of showing that it applies. Rule 142(a).

Before we consider whether or not the three elements of the duty of consistency are present in this case, we address petitioner's argument that the duty of consistency is not a viable equitable doctrine. Petitioner relies on two alternative positions for this argument. First, petitioner argues that the Court of Appeals for the Ninth Circuit does not recognize the duty of consistency in tax deficiency proceedings. In the alternative, petitioner argues that the recent Supreme Court decision in United States v. Brockamp, 519 U.S. ___, 117 S. Ct. 849 (1997), questions the continued viability of the duty of consistency as equitable relief in the Tax Court.

Petitioner argues that appellate venue would be to the Court of Appeals for the Ninth Circuit.  It is not entirely clear from the record to which Court of Appeals this case is appealable.  The parties did not stipulate the decedent's domicile at the time of her death.  The estate's personal representative resided in California when the petition was filed.  We assume that this case is appealable to the Court of Appeals for the Ninth Circuit for the purpose of addressing petitioner's argument.

Petitioner concedes that the Court of Appeals for the Ninth Circuit has applied the duty of consistency in tax refund cases. See Building Syndicate Co. v. United States, 292 F.2d 623 (9th Cir. 1961); Shanafelt v. United States, 80 AFTR 2d 7668, 97-2 USTC par. 50,908 (D. Or. 1997); Johnston v. United States, 605 F. Supp. 26 (D. Mont. 1984).  Petitioner distinguishes refund proceedings because they are equitable in nature.  The Court of Appeals has not placed special emphasis on the equitable nature of refund proceedings when applying the duty of consistency doctrine in refund cases.[3]  See Building Syndicate Co. v. United

---

[3]  Petitioner argues that the decision by the Court of Appeals for the Ninth Circuit to apply the duty of consistency doctrine in the tax refund case Building Syndicate Co. v. United States, 292 F.2d 623 (9th Cir. 1961), was "based substantially on the equitable nature of a refund proceeding."  We disagree.  The Court did not explain that it was basing its decision on the equitable nature of tax refund cases, rather, it simply cited Stone v. White, 301 U.S. 532 (1937), in dicta, as a reference for the equitable nature of tax refund suits.  We note further that Building Syndicate quoted with approval from Alamo Natl. Bank v. Commissioner, 95 F.2d 622 (5th Cir. 1938), a deficiency proceeding originating in the Board of Tax Appeals, wherein equitable principles in the nature of estoppel were applied.

States, supra.  Moreover, we apply equitable principles in cases within our jurisdiction.  See Woods v. Commissioner, 92 T.C. 776 (1989).

Petitioner also contends that the Court of Appeals for the Ninth Circuit criticized the duty of consistency in Unvert v. Commissioner, 656 F.2d 483, 486 n.2 (9th Cir. 1981), affg. 72 T.C. 807 (1979), as requiring case-by-case adjudication.  In Unvert, the taxpayers recovered an amount that they had previously deducted.  The deduction was improper when claimed. The Court of Appeals rejected the erroneous deduction exception to the tax benefit rule and required the taxpayer to report the amount recovered as income to offset the prior improper deduction.  In that case, the Tax Court had relied on the duty of consistency to hold the taxpayer to the prior, incorrect representation and required the taxpayer to report the income. Unvert does not stand for a rejection of the duty of consistency by the Ninth Circuit as petitioner argues.  Rather, Unvert declined to recognize an exception to the tax benefit rule, evidencing a liberal approach by the Ninth Circuit to equitable principles in tax deficiency proceedings.

In Wentworth v. Commissioner, 244 F.2d 874 (9th Cir. 1957), affg. 25 T.C. 1210 (1956), the Court of Appeals for the Ninth Circuit applied certain equitable principles similar in operation and effect to the duty of consistency doctrine in a tax deficiency case.  The taxpayer had received a corporate distribution in a prior year and did not report the distribution

as income.  In a subsequent year, the taxpayer received a second corporate distribution and argued that it was a nontaxable repayment of a loan made by the taxpayer to the corporation.  The Court of Appeals held that the failure to report the first distribution as income was a representation that the distribution was a loan repayment.  The court then held that the taxpayer could not argue that the second distribution was for repayment of the loan and had to report the distribution as a taxable dividend from the corporation.  Although contemporaneous duty of consistency terminology was not employed by the court in Wentworth v. Commissioner, supra, the opinion rests on the principles of that doctrine.  See Estate of Letts v. Commissioner, 109 T.C. 290 (1997).

Based on our review, the Court of Appeals for the Ninth Circuit does recognize the duty of consistency as a viable judicial doctrine and has not limited its use to tax refund cases.  Furthermore, we have considered and applied the duty of consistency doctrine in cases appealable to the Court of Appeals for the Ninth Circuit.  See Koppen v. Commissioner, T.C. Memo. 1995-316; Erickson v. Commissioner, T.C. Memo. 1991-97; Coldiron v. Commissioner, T.C. Memo. 1987-569.  In the absence of a clear mandate from the Court of Appeals for the Ninth Circuit, we are not compelled to hold the duty of consistency doctrine inapplicable in tax deficiency cases appealable to that Circuit.  Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

Nor do we understand the Supreme Court decision in United States v. Brockamp, supra, to undermine the use of the duty of consistency doctrine by lower courts. This Court has applied the duty of consistency as a quasi-equitable doctrine in numerous cases, most recently in Estate of Letts v. Commissioner, supra. The duty of consistency is founded on R.H. Stearns Co. v. United States, 291 U.S. 54 (1934), in which the Supreme Court held that equitable principles apply in tax cases. In United States v. Brockamp, supra, the Supreme Court held that the statutory period to file a tax refund claim is not tolled for nonstatutory equitable reasons. The duty of consistency was not the subject matter of the Brockamp Court. Petitioner, nevertheless, argues that the duty of consistency is an equitable exception to the statute of limitations and that Brockamp provides there are no equitable exceptions to the period of limitations. The statute of limitations is not tolled or changed by the application of the duty of consistency because the resulting tax is being determined and assessed for an open year. Herrington v. Commissioner, 854 F.2d 755, 757 (5th Cir. 1988). Moreover, we have previously found that the duty of consistency contributes to the finality and repose of the statute of limitations by holding taxpayers to the reporting of an item in a closed year. Cluck v. Commissioner, 105 T.C. at 332; Mayfair Minerals, Inc. v. Commissioner, 56 T.C. 82, 86 (1971), affd. per curiam 456 F.2d 622 (5th Cir. 1972); Bartel v. Commissioner, 54 T.C. 25, 32 (1970). Accordingly, the decision in United States v. Brockamp,

supra, does not preclude our use of the principles of the duty of consistency doctrine. We now consider whether the required elements of the duty of consistency are present in this case.

(1) Decedent's Representation for 1990

With respect to the first element, petitioner contends that decedent did not make a representation of fact on her 1990 return. Rather, petitioner argues that decedent misinterpreted the law as to whether the GNA deposit qualified for rollover treatment and misrepresented the legal consequences of her actions. Petitioner contends that whether the pension distribution qualified for rollover treatment is a question of law to which the duty of consistency does not apply. The duty of consistency applies if the inconsistency involves a question of fact or a mixed question of fact and law; it does not apply to a mutual mistake on the part of a taxpayer and the Internal Revenue Service concerning a pure question of law. LeFever v. Commissioner, 100 F.3d at 788; Herrington v. Commissioner, supra. The question of whether a timely rollover of a pension distribution was attempted or completed in this case is either a question of fact or a mixed question of fact and law to which the duty of consistency would apply. Before a mutual mistake of law can occur, both parties must know the facts, see Unvert v. Commissioner, 72 T.C. 807, 816 (1979). We find that respondent knew or was put on notice, before the expiration of the assessment period for decedent's 1990 income tax, that the

rollover was not accomplished within the requisite 60 days.  See also <u>Eagan v. United States</u>, 80 F.3d 13 (1st Cir. 1996).

A taxpayer's approach to reporting of an item on a tax return can be accepted as a representation that facts exist that are consistent with the manner of reporting.  <u>Estate of Letts v. Commissioner</u>, <u>supra</u>.  On her 1990 return, decedent reported that the entire amount of the 1990 pension distribution was timely rolled over into an eligible retirement plan and that the taxable portion of the pension distribution was zero.  Although decedent did not report the date of receipt of the pension distribution or the date of the rollover, she represented that facts existed to support the tax-deferred rollover treatment of the pension distribution.

<u>(2)  Respondent's Reliance or Acquiescence of the Item Reported for 1990</u>

The Commissioner acquiesces or relies on a representation of the taxpayer when the taxpayer files a return that contains an inadequately disclosed item and respondent accepts that return and allows the period of limitations to expire without an audit of that return.  <u>Herrington v. Commissioner</u>, <u>supra</u>; <u>Mayfair Minerals, Inc. v. Commissioner</u>, <u>supra</u> at 91; see <u>Spencer Med. Associates v. Commissioner</u>, T.C. Memo. 1997-130; <u>Hughes & Luce, L.L.P. v. Commissioner</u>, T.C. Memo. 1994-559, affd. on another issue 70 F.3d 16 (5th Cir. 1995).  Respondent cannot rely on a representation made by a taxpayer if the taxpayer has provided

sufficient facts to respondent so that respondent knew or ought to have known of a possible mistake in the reporting of an item.

Petitioner contends that it was unreasonable for respondent to rely on decedent's 1990 return because the $725,502 pension distribution was a highly material item. Petitioner contends that respondent chose not to audit decedent's 1990 return because of poor judgment. We disagree. The Commissioner may rely on representations in a return signed under penalties of perjury absent sufficient facts that provide actual or constructive knowledge to the contrary. Estate of Letts v. Commissioner, supra; Hughes & Luce, L.L.P. v. Commissioner, supra. The reasonableness of the Commissioner's reliance does not change, per se, because of the mere size of the item reported by the taxpayer on the return.

We find that respondent did not know or have reason to know that decedent erroneously claimed rollover treatment for a portion of the 1990 pension distribution. Petitioner maintains that the pension distribution and attempted rollover were fully disclosed on decedent's 1990 return. However, decedent did not disclose the dates of either the pension distribution or attempted rollover which would have alerted respondent that the rollover was untimely. Decedent did not provide any facts to respondent that would have shown that she failed to timely roll over a portion of the 1990 pension distribution. We find that respondent reasonably relied on decedent's 1990 return, did not

challenge decedent's representations regarding the pension distribution, and allowed the period of limitations for 1990 to expire.

(3) Decedent's Change of Position or Representation for 1993

With respect to the third element regarding a change in the taxpayer's prior representation, petitioner argues that decedent never made a representation of fact from which an inconsistency may arise. Decedent represented that the 1990 pension distribution was timely rolled over on her 1990 return. In this case, petitioner claims that $100,502.21 of the pension distribution was not timely rolled over. These positions are inconsistent, and petitioner's position in this case constitutes a change in a prior representation.

Petitioner also argues that there was no detriment to the Commissioner from the alleged inconsistent reporting of the 1990 pension distribution. In this regard, petitioner argues that respondent has failed to show that decedent received a tax windfall from the prior representation that a timely rollover occurred. Petitioner suggests that the portion of the 1990 pension distribution deposited with GNA may have been nontaxable for some reason other than tax-deferred rollover treatment. For example, petitioner contends that the pension distribution may have consisted of after-tax employee contributions that are not taxable upon distribution. Petitioner's contention on this point is nothing more than supposition. Petitioner did not offer any

evidence that the 1990 pension distribution was a nontaxable return of after-tax employee contributions.  Decedent's reporting that the 1990 pension distribution was nontaxable because it was rolled over is inconsistent with petitioner's current claim that the distribution may have been nontaxable without being rolled over.  This is sufficient to establish that decedent understated her tax liability in 1990.  We hold that respondent has shown that decedent received a tax benefit from the inconsistent position with respect to the 1990 distribution.

We further hold that the duty of consistency doctrine applies and that the 1993 distribution to petitioner from the GNA account was includable in her gross income for that year.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered under</u>

<u>Rule 155.</u>