**MAYFAIR MINERALS, INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 71–2634.

United States Court of Appeals, Fifth Circuit.

March 7, 1972.

R. B. Cannon, Ft. Worth, Tex., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Edward D. Robertson, James H. Bozarth, Attys., I. R. S., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue determined that the amount which taxpayer improperly accrued and deducted, but did not pay in the years 1957 through 1960 as current refunds to its customer, represented taxable income in 1961 when the liability for making the refunds was terminated by an order of the Federal Power Commission. The Tax Court upheld the Commissioner's determination and rejected taxpayer's contention that it could only realize income in the years 1957 through 1960, when it improperly took the deductions for contingent refunds, and that since the statute of limitations had run with respect to those years, it owed no tax.[1] We affirm.

When an accrual basis taxpayer accrues an expense and offsets it against taxable income, and subsequently the expense is not paid, the amount of the prior deduction must be restored to income in the year the liability is extinguished. Rothensies v. Electric Storage Battery Co., 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296; Merchants Nat. Bank v. Commissioner of Internal Revenue, 5 Cir. 1952, 199 F.2d 657; cf. Section 111(a) of the Internal Revenue Code of 1954. Taxpayer, having received the prior tax benefits from the accrued deductions, realized income in 1961. Bear Manufacturing Co. v. United States, 7 Cir. 1970, 430 F.2d 152, cert. denied 400 U.S. 1021, 91 S.Ct. 583, 27 L.Ed.2d 632.

Taxpayer contends that both it and the Commissioner had knowledge during the years 1957 through 1960 that the liability for making refunds to taxpayer's customer was contingent and disputed by taxpayer and that the improper treatment of it as a valid business deduction in each of those years was a mutual mistake of law by both parties and thus taxpayer did not realize taxable income upon the elimination of the contingent liabilities in 1961. This argument fails for lack of support in the record. There is simply no evidence that the Commissioner had knowledge of the contingent aspect of taxpayer's liabilities. On the contrary, the evidence clearly shows that the Commissioner was misled by the erroneous representations made by taxpayer on its returns for the years in question. When the Commissioner allowed the statute of limitations to run on adjustments of taxable income because of the misleading returns (even though the original deduction was not proper) the taxpayer was estopped to deny that the deductions were properly taken. Wichita Coca Cola Bottling Co. v. United States, 5 Cir. 1945, 152 F.2d 6.

We agree with the reasoning and the conclusion reached by the Tax Court and its decision is

Affirmed.

[1]. The Tax Court's findings of fact and opinion are reported at 56 T.C. 82 (April 15, 1971).