**Clemon J. and Ivy C. HERRINGTON,<br>Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 87–4770.

United States Court of Appeals,<br>Fifth Circuit.

Sept. 13, 1988.

Rehearing Denied Nov. 1, 1988.

Robert Jackson Herrington, Baton Rouge, La., for petitioners-appellants.

Clemon Herrington and Ivy Herrington, Alexander, La., pro se.

Kenneth L. Greene, Michael L. Paup, Chief Appellate Section Tax Div., Dept. of Justice, William F. Nelson, Chief Counsel, I.R.S., Roger M. Olsen, William S. Rose, Richard Farber, Washington, D.C., for respondent-appellee.

Before KING and JOHNSON, Circuit Judges, and LITTLE,* District Judge.

JOHNSON, Circuit Judge:

Taxpayers appeal a Tax Court decision upholding gain on the second half of a "straddle" transaction adjudged a sham by the Tax Court in a companion case. Because we hold that the "duty of consistency" doctrine estops the taxpayers from relying on the sham transaction holding, we affirm.

## I. BACKGROUND

From 1976 through 1978, Clemon and Ivy Herrington carried out a series of "straddle" transactions on the London Metal Exchange. These transactions made use of futures contracts pairing "put options" (rights to sell) and "call options" (rights to buy) in such a way as to produce a loss in one year and a gain in the following year. The straddles offered the taxpayer the advantage that the loss in the first year could be deducted as an ordinary loss, but the gain in the second year could be reported as capital gain and taxed at a lower rate than the corresponding loss.

On their 1976 tax return, the Herringtons reported and deducted a $60,244 loss from the first leg of a London Metal Exchange straddle. In 1977, the Herringtons reported a $54,231 capital gain corresponding to the 1976 loss. Also in 1977, the Herringtons reported and deducted $60,040 as the first leg of a second straddle. The Herringtons' 1978 tax return reported a capital gain of $59,686, closing out the second straddle transaction.

The Internal Revenue Service (IRS) audited the Herringtons' 1977 and 1978 tax returns, but allowed the statute of limitations period to expire on their 1976 tax return. Finding the 1977 to 1978 straddle to be a sham transaction without economic substance, the Service assessed a deficiency. The IRS Appeals Board affirmed the deficiency. The Herringtons petitioned for a redetermination to the United States Tax Court, and that court consolidated their case with more than a thousand other cases involving London Metal Exchange straddles. *Glass v. Commissioner*, the consolidated case, found that the type of straddle transaction engaged in by the Herringtons and the other taxpayers on the London Metal Exchange was a sham and had no real economic purpose other than tax avoidance. 87 T.C. 1087 (1986). Specifically, the Tax Court stated:

> In conclusion, we hold that the London Option Transaction—petitioners' multiple

* District Judge of the Western District of Louisiana, sitting by designation.

and complex tax straddle scheme encompassing prearranged results—lacked economic substance and was a sham. Petitioners consequently may not deduct the losses claimed by them in Year One of their straddle transactions. It follows, of course, that since the straddle transactions were a sham, *gains reported by petitioners in Year Two and thereafter do not constitute taxable income to them,* and we so hold.

87 T.C. at 1177 (emphasis added). The Tax Court then determined that the Herringtons owed a deficiency of $32,417.57 in the 1977 tax year, attributable to the 1977 capital gain leg of the 1976–1977 straddle. It is this first straddle that is the subject of the instant appeal by the Herringtons.

## II. DISCUSSION

The Herringtons argue that because the Tax Court has held that both the gains and losses in the London Metal Exchange straddles "lacked economic substance," the court cannot, without contradiction, treat their 1977 straddle gain as real and tax it. The Herringtons acknowledge that they received a loss deduction for the first leg of the same straddle in 1976, but they point out that the IRS cannot undo this loss deduction because the statute of limitations has run on the 1976 tax year. While the Herringtons admit that some inequity would result if they were allowed to deduct the 1976 loss without reporting the corresponding 1977 gain, they argue that this inequity is inherent in any statute of limitations.

■ Of course, the IRS has not technically violated the statute of limitations, since its gain characterization affects the 1977, not the 1976, tax year. More importantly, the Herringtons are precluded from raising the sham transaction argument by a type of estoppel developed in tax cases, known as "quasi estoppel" or the "duty of

consistency." The Supreme Court has long held that general principles of estoppel apply in tax cases. *R.H. Stearns Co. v. United States,* 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647 (1934); *Magee v. United States,* 282 U.S. 432, 51 S.Ct. 195, 75 L.Ed. 442 (1931). The duty of consistency is a doctrine that prevents a taxpayer from taking one position one year, and a contrary position in a later year, after the limitations period has run in the first year. *Union Carbide Corp. v. United States,* 612 F.2d 558, 566, 222 Ct.Cl. 75 (1979); *Beltzer v. United States,* 495 F.2d 211 (8th Cir.1974); *Mayfair Minerals, Inc. v. C.I.R.,* 456 F.2d 622 (5th Cir.1972); *Crosley Corp. v. United States,* 229 F.2d 376, 380–81 (6th Cir.1956); *Johnson v. C.I.R.,* 162 F.2d 844 (5th Cir. 1947); *Joplin Bros. Mobile Homes, Inc. v. United States,* 524 F.Supp. 800, 803 (W.D. Mo.1981).[1]

For example, in *Beltzer,* the taxpayer inherited stock, had the stock valued, and paid estate taxes on that value. Several years later, after the statute of limitations had run, the taxpayer sold the stock, had its value at the time of acquisition recalculated, and claimed the recalculated, higher value as his basis. The court held the taxpayer to his original, lower basis. *Beltzer,* 495 F.2d at 212–13. Similarly, in *Mayfair Minerals,* the taxpayer had accrued and deducted refunds to be paid to its customers. 456 F.2d 622. Later, after the statute of limitations had run, the taxpayer learned that it had not been liable for the refunds. The IRS characterized this event as the extinguishing of a liability, equivalent to realizing taxable income. The taxpayer argued that the liability had not really existed in the earlier year, and, therefore, there had been no extinguishing or income in the later year. This Court held that the taxpayer was bound by its characterization of the liability in the earlier year. *Id.* at 623.

1. Something akin to the duty of consistency has been applied by the Supreme Court against the IRS. In *Bull v. United States,* the Commissioner erroneously subjected certain partnership receipts to the estate tax. 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). Several years later, after the statute of limitations had run, the

Commissioner sued the executor to recover income tax on the same receipts. The Court held that the statute of limitations was no bar to the executor asserting the earlier tax assessment as a defense. 295 U.S. at 260–62, 55 S.Ct. at 700–01.

758

■ The elements of the duty of consistency are: (1) a representation or report by the taxpayer; (2) on which the Commission has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner. *Beltzer*, 495 F.2d at 212; *Crosley Corp.*, 229 F.2d at 380–81; *Joplin Bros.*, 524 F.Supp. at 803. If this test is met, the Commissioner may act as if the previous representation, on which he relied, continued to be true, even if it is not. The taxpayer is estopped to assert the contrary.

■ The requirements for estoppel have been met in the instant case. First, the Herringtons filed a tax return for 1976 claiming a deduction on the first leg of the 1976 to 1977 straddle. By claiming this deduction, the Herringtons represented to the Commissioner that the straddle had economic substance. Second, the Commissioner relied on this representation of the Herringtons by accepting their 1976 return and allowing the statute of limitations to run. Third, the Herringtons now argue, contrary to their previous representation, that the straddles were in fact a sham and that the gain realized in 1977 was not real, taxable income.

Of course, the Herringtons' subsequent inconsistent representation was forced on them by the Tax Court when that court held, in *Glass*, that the London Metal Exchange straddles lacked economic substance. However, the Herringtons did not appeal that holding. The Herringtons have now adopted the *Glass* case as their sole argument against their 1977 tax deficiency. Hence, the Herringtons *now* assert that the London Metal Exchange straddles were shams.

Finally, the Herringtons argue that the duty of consistency does not apply when the inconsistency concerns a pure question of law and both the taxpayer and the Commissioner had equal access to the facts. This is correct. *Mayfair Minerals, Inc.*, 456 F.2d at 623; *Crosley Corp.*, 229 F.2d at 380; *Joplin Bros.*, 524 F.Supp. at 803. However, the economic substance of the London Metal Exchange straddles was clearly a question of fact, or at best a mixed question of fact and law, concerning which the taxpayers had more information than the Commissioner at the time the initial representations were made.

To summarize: although the Tax Court has found that the London straddle transactions engaged in by the Herringtons were sham transactions, the Tax Court was also entitled to find that the Herringtons realized real gain on one of these transactions in 1977. The duty of consistency doctrine estops the Herringtons from disavowing their characterization of the transaction as real on their 1977 tax return.

AFFIRMED.