ARTHUR L. KOPPEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koppen v. Commissioner
Docket No. 25722-93
United States Tax Court
T.C. Memo 1995-316; 1995 Tax Ct. Memo LEXIS 318; 70 T.C.M. (CCH) 72; July 18, 1995, Filed *318 Decision will be entered for respondent. For petitioner: Bernard J. Garland. For respondent: Roberta A. Duffy. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: In a notice of deficiency dated September 2, 1993 (notice), respondent determined a deficiency in petitioner's Federal income tax for 1990 in the amount of $ 36,102. The only issue for decision is whether petitioner is entitled to exclude under section 121[1] the gain from the sale of a house he sold during that year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Palm Desert, California, at the time the petition was filed. Petitioner, who has a high school education, was born on July 10, 1927. On April 23, 1980, pursuant to a sales contract executed on that date by petitioner and the buyer, petitioner sold his *319 entire leasehold interest in property located at 417 Namahana, Apartment 14, Honolulu, Hawaii (Namahana property). Pursuant to the terms of that sale, the buyer was to make a downpayment at the time the sales contract was signed, monthly interest payments thereafter, and payment of the balance of the purchase price (viz., approximately $ 37,000) no later than April 23, 1983. In fact, sometime during 1983, the buyer made a balloon payment of the balance of the purchase price. Petitioner included Form 2119 (Sale or Exchange of Principal Residence) as part of the Federal income tax return he filed for 1983. In that form, he (1) reported that he (a) sold his principal residence during 1983, (b) was over 55 years of age at the time of the sale, and (c) realized a gain of $ 11,360 on that sale; and (2) elected the so-called "once in a lifetime exclusion" of gain from that sale from his income for 1983. Petitioner's accountant prepared petitioner's 1983 return, including Form 2119. From the time he vacated the Namahana property in 1980 until shortly before he moved into the Iana property discussed below, petitioner resided at 933 Kaheka Street, Apartment 401A, Honolulu, Hawaii (Kaheka *320 address). Immediately prior to moving into the Iana property, petitioner resided at 9191 Wailupe Place, Honolulu, Hawaii, for approximately two months. On June 22, 1987, petitioner purchased a leasehold interest in property described as Lot 1, Enchanted Lake Estates, Unit Two, located at 780 Iana Street, Kailua, Hawaii (Iana property). The lessor of that property was the Bishop Estate. On January 5, 1988, petitioner purchased the interest of the Bishop Estate in the Iana property. Petitioner moved into the Iana property as his principal residence on July 17, 1987, and resided there through August 27, 1990. Sometime between July 9, 1990, and August 24, 1990, petitioner sold his entire interest in the Iana property. On August 24, 1990, the deed transferring title to that property was filed with the State of Hawaii. In September 1990, petitioner acquired property in Palm Desert, California, and resided there sometime thereafter. In his request for extension of time to file his 1990 tax return, petitioner indicated that his home address was Palm Desert, California. Petitioner indicated in his 1990 return, which was stamped by the Internal Revenue Service in Fresno, California, as having *321 been received on July 29, 1991, that his home address was the Kaheka address. After vacating the Iana property, petitioner used the Kaheka address as his mailing address. [2] Petitioner's accountant who resided in Hawaii prepared his 1990 return. Petitioner included Form 2119 (Sale of Your Home) as part of the Federal income tax return he filed for 1990. In that form, he (1) reported that he (a) sold his "main home" on August 24, 1990, (b) was over 55 years of age at the time of the sale, and (c) realized a gain of $ 137,824 from that sale; and (2) elected the once in a lifetime exclusion of gain from that sale from his income for 1990. [3]
*322 OPINION Petitioner bears the burden of proving that respondent's determinations in the notice are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The only issue we must decide is whether petitioner is entitled for 1990 to the once in a lifetime exclusion of gain on the sale of a principal residence as provided in section 121. That section provides in pertinent part: (a) GENERAL RULE. -- At the election of the taxpayer, gross income does not include gain from the sale or exchange of property if -- (1) the taxpayer has attained the age of 55 before the date of such sale or exchange, and (2) during the 5-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more. (b) LIMITATIONS. -- * * * (2) APPLICATION TO ONLY ONE SALE OR EXCHANGE. -- Subsection (a) shall not apply to any sale or exchange by the taxpayer if an election by the taxpayer or his spouse under subsection (a) with respect to any other sale or exchange is in effect.
Respondent argues that petitioner did not satisfy the residency requirement *323 of section 121(a)(2). We disagree. We have found on the instant record that petitioner resided at the Iana property as his principal residence from July 17, 1987, through August 27, 1990. [4] We therefore find that he has satisfied the residency requirement of section 121(a)(2). The question we must now resolve is whether petitioner's election to exclude gain under section 121 for 1983 prevents him from electing to exclude gain under that same section for 1990. [5]
Petitioner argues that he is entitled under section 121 to exclude from his income for 1990 $ 125,000 of *324 the gain he realized on the sale of the Iana property even though in his 1983 return he elected under section 121 to, and did in fact, exclude from his income for 1983 the gain he reported that he realized from the sale of the Namahana property. Petitioner's argument hinges on the parties' agreement that under the law of Hawaii he sold his interest in the Namahana property in 1980, and not in 1983, and that he was not 55 years of age when that sale occurred. Thus, according to petitioner, the section 121 election he made in his 1983 return (1) was not valid for 1983 because that year was not the year in which he sold the Namahana property, (2) could not have been valid for 1980 when the sale occurred since he was not 55 years old at that time, and (3) therefore was not "in effect" at the time he made the election in his 1990 return to exclude under section 121 gain he realized from the sale of the Iana property. See sec. 121(b)(2). Respondent argues that petitioner is not entitled to elect section 121 for 1990 because he is estopped under the duty of consistency from denying that he previously elected the once in a lifetime exclusion of gain under that section. The duty of consistency, *325 sometimes referred to as quasiestoppel, is an equitable doctrine that prevents a taxpayer from adopting a position for a particular year and, after the period of limitations has expired for that year, adopting a contrary position that affects his or her tax liability for an open year. E.g., Herrington v. Commissioner, 854 F.2d 755, 757 (5th Cir. 1988), affg. Glass v. Commissioner, 87 T.C. 1087 (1986); LeFever v. Commissioner, 103 T.C. 525, 541-542 (1994); Bartel v. Commissioner, 54 T.C. 25, 29-30 (1970). The duty of consistency applies when: (1) the taxpayer has made a representation or reported an item for tax purposes in one year, (2) the Commissioner has acquiesced in or relied on that fact for that year, and (3) the taxpayer desires to change the representation, previously made, in a later year after the statute of limitations on assessments bars adjustments for the initial year. * * * A taxpayer in this situation, innocent or otherwise, who has already had the advantage of a past alleged misstatement -- such advantage now beyond recoupment -- may *326 not change his posture and, by claiming he should have properly paid more tax before, avoid the present levy. * * * [LeFever v. Commissioner, supra at 543 (quoting Beltzer v. United States, 495 F.2d 211, 212 (8th Cir. 1974)).] Petitioner represented in his 1983 return that he sold his principal residence (the Namahana property) during that year, that he was over 55 years of age at the time of that sale, and that he was making a valid election under section 121 to exclude from his income for 1983 the gain from that sale. Petitioner therefore excluded from the calculation of his tax liability for 1983 the gain from the sale of the Namahana property. Respondent relied on, and did not challenge, the representations petitioner made in his 1983 return regarding the Namahana property. After the period of limitations expired for 1983, petitioner in effect attempted to change in his 1990 return the representations he had made in his 1983 return when he again elected for 1990 the once in a lifetime exclusion provided by section 121. Even if the period of limitations had not expired for 1983 at the time petitioner attempted *327 to change the representations he had made in his 1983 return, on the record before us, it does not appear that respondent could have assessed a deficiency against petitioner for 1983 as a result of his having erroneously taken in his return for that year the once in a lifetime exclusion of the gain from the sale of the Namahana property. This is because the parties agree that the sale of that property occurred in 1980, and not in 1983. Thus, it appears that the gain from the sale of the Namahana property was erroneously excluded from petitioner's gross income for 1980, and not for 1983. [6] However, regardless whether the gain from the sale of the Namahana property should have been included in petitioner's gross income for 1980 or for 1983, at the time he filed his 1990 return, respondent could not have assessed a deficiency against petitioner either for 1980 or for 1983. This is because at the time he filed his 1990 return the period of limitations for assessing a tax attributable to the erroneous exclusion of gain from the Namahana property had expired for both of those years. *328 On the instant record, we find that (1) petitioner made representations in his 1983 return that resulted in an erroneous exclusion of income for 1980 (and possibly for 1983), (2) the statute of limitations bars respondent from correcting that erroneous exclusion, and (3) petitioner attempted to change the representations made in his 1983 return when he filed his 1990 return in which he elected under section 121 to exclude from his income for 1990 gain from the sale of the Iana property. Accordingly, we further find on the record before us that all of the factors necessary for application of the duty of consistency are present in this case. Evidently realizing that those factors are present here, petitioner advances various contentions to support his position that the Court should nonetheless not apply the duty of consistency in the instant case. Although we have considered and reject all of those arguments, we address below what we understand to be his principal contentions. Alleged Same or Related Transaction Requirement
According to petitioner, "The purpose of the duty of consistency is to prevent a taxpayer from receiving a double tax benefit from the same transaction *329 ." (Emphasis added.) Proceeding from that premise, petitioner argues that unless the transaction with respect to which a taxpayer changes his or her reported position is the same or related to the transaction that is being questioned, the duty of consistency is not applicable. (We will refer herein to petitioner's argument as the same or related transaction requirement.) Petitioner contends that in the present case the sale of the Namahana property and the sale of the Iana property not only are not the same transaction, they are not related transactions. [7] He asserts that, therefore, the duty of consistency has no application here and, consequently, he is not estopped from denying that his prior section 121 election was valid. *330 We disagree with petitioner's contention that the duty of consistency is limited to situations involving the same or related transactions. The duty of consistency applies to a situation in which a taxpayer made a representation in a prior year that is barred by the statute of limitations, received a tax advantage for that year from having made that representation, and attempts to change that representation for purposes of receiving another tax advantage for a subsequent year. In such a situation, the duty of consistency is applicable regardless whether the transactions in question in the two years are the same or are related. [8]
*331 Alleged Application of Mitigation Provisions
Petitioner contends that the duty of consistency is not applicable to the instant facts because the mitigation of limitations provisions, sections 1311 through 1314 (mitigation provisions), provide an adequate remedy for respondent. We disagree. Even assuming arguendo, as petitioner contends, that the duty of consistency does not apply where the mitigation provisions are applicable, the mitigation provisions do not apply in the present case. No circumstance of adjustment as defined in section 1312 is applicable to the facts before us. The closest circumstance is the double exclusion of an item of gross income that was not included in a return. See sec. 1312(3)(B). That circumstance, however, is not involved here because the gain that petitioner excluded for 1983 (as well as the gain that he excluded for 1980) and the gain that he excluded for 1990 are not the same item. [9] They are two separate items of gross income arising from two different sales of property. See MacDonald v. Commissioner, 17 T.C. 934, 941 (1951). *332 Even if the circumstance described in section 1312(3)(B) were applicable here (which it is not), the mitigation provisions still would not apply to the present facts. Section 1311(b)(2)(A) provides in pertinent part: In the case of a determination described in section 1312(3)(B) (relating to certain exclusions from income), adjustment shall be made under this part only if assessment of a deficiency for the taxable year in which the item is includible or against the related taxpayer was not barred, by any law or rule of law, at the time the Secretary first maintained, in a notice of deficiency sent pursuant to section 6212 or before the Tax Court, that the item described in section 1312(3)(B) should be included in the gross income of the taxpayer for the taxable year to which the determination relates.
Assessment of a deficiency for petitioner's 1983 tax year (as well as for his 1980 tax year) was barred prior to September 2, 1993, the date on which respondent issued the notice relating to petitioner's 1990 tax year. Consequently, even assuming arguendo that section 1312(3)(B) were applicable to the present facts (which it is not), the mitigation provisions would not operate *333 to allow an adjustment for 1983 (or for 1980). Alleged Inequitable Result
Petitioner contends that the duty of consistency is inapplicable here because its application would create an inequitable result in that petitioner excluded only $ 11,360 of gain from his income for 1983 (or for 1980), whereas he would be required to include $ 125,000 of gain in his income for 1990 if the duty of consistency were applied in the present case. We disagree. Petitioner excluded $ 11,360 of gain from his income for 1983 (and for 1980). He enjoyed the tax savings from that exclusion for at least seven years before he again elected in his 1990 return the once in a lifetime exclusion provided by section 121. That petitioner would have preferred to exclude from his income for 1990 a larger amount of gain than he excluded for 1983 (and for 1980) is understandable. However, the once in a lifetime exclusion is precisely that -- an exclusion that may be elected by a taxpayer once, and only once, in that taxpayer's lifetime. See, e.g., Robarts v. Commissioner, 103 T.C. 72 (1994), affd. without published opinion     F.3d     (11th Cir., May 12, 1995). Alleged Role *334 of Petitioner's Accountant
Petitioner asserts that the duty of consistency is not applicable here because his 1983 return was prepared by his accountant and he did not even know that a section 121 election had been made in that return. Petitioner signed his 1983 return and, under penalty of perjury, he thereby attested that he had examined that return, including accompanying schedules and statements, and that, to the best of his knowledge, it was true, correct, and complete. He thus is presumed to know what was in his 1983 return and should not be able to contradict the representations made in that return simply because his accountant prepared it for him. Petitioner received the benefits of a section 121 election before he filed his 1990 return. He cannot deny after the period of limitations for 1983 (as well as for 1980) expired that his prior section 121 election was valid merely because an accountant prepared his 1983 return on his behalf. See Beltzer v. United States, 495 F.2d at 212; see also Robarts v. Commissioner, 103 T.C. at 79. Alleged Circumvention of Section 121(b)(2)
Proceeding from the premise that *335 the election he made in his 1983 return pursuant to section 121 is not "in effect", petitioner contends that the duty of consistency is inapplicable to the present case because the effect of applying that doctrine here would be to circumvent section 121(b)(2). That section provides that the exclusion in section 121(a) "shall not apply to any sale or exchange by the taxpayer if an election by the taxpayer or his spouse under subsection (a) with respect to any other sale or exchange is in effect." Petitioner cites numerous cases involving invalid elections claiming S corporation status to support his argument that elections made under the Code are not effective unless they strictly comply with the applicable statutory and regulatory provisions. See, e.g., Brutsche v. Commissioner, 585 F.2d 436, 439 (10th Cir. 1978), remanding 65 T.C. 1034 (1976). Petitioner misreads and/or misapplies those cases. [10] The duty of consistency has been applied to prevent taxpayers from denying that their previous elections were valid even where those elections were technically invalid. See LeFever v. Commissioner, 103 T.C. at 544. *336 *337 * * * On the record before us, we find that the duty of consistency applies to prevent petitioner from denying that he made a valid section 121 election for 1983. Accordingly, we sustain respondent's determination that petitioner is not entitled under section 121 to exclude from his income for 1990 gain from the sale of the Iana property. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code (Code) in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record does not disclose how long petitioner used the Kaheka address as his mailing address.↩
3. Because of the limitation in sec. 121(b)(1)↩, petitioner excluded $ 125,000 of the total gain of $ 137,824 from his 1990 income.
4. During the course of the trial herein, the Court raised a question as to whether petitioner's testimony relating to his residing at the Iana property was inconsistent. After careful review of the entire record, we conclude that his testimony was not inconsistent.↩
5. Respondent concedes that under the law of Hawaii petitioner's purchase of a leasehold interest in the Iana property suffices as an ownership interest for purposes of sec. 121(a)(2)↩.
6. If petitioner had elected to treat the 1980 sale of the Namahana property as an installment sale under sec. 453, a fact not disclosed in the record, a portion of the gain on that sale should have been recognized for 1983 when the buyer made a balloon payment to petitioner of the balance of the purchase price.↩
7. While we agree with petitioner that his sale of the Namahana property and his sale of the Iana property are not the same transaction, we are not convinced that the sale of the Namahana property and the sale of the Iana property are unrelated transactions. The sec. 121 exclusion can be used only once in a lifetime. Thus, any election to exclude gain under sec. 121 necessarily calls into question whether the taxpayer previously made a sec. 121 election. Consequently, petitioner's election under sec. 121 to exclude gain from the sale of the Namahana property from his income for 1983 affects, and is related to, his ability to make a sec. 121↩ election for 1990 with respect to his gain from the sale of the Iana property.
8. In fact, court has appliled the doctrine of estoppel, which has more stringent requirements than the doctrine of the duty of consistency, to prevent taxpayers from changing representations in situations not involving the same transaction. See United States v. Matheson, 532 F.2d 809, 819-820 (2d Cir. 1976); Rexach v. United States, 390 F.2d 631, 632 (1st Cir. 1968). For example, in United States v. Matheson, supra↩, the United States Court of Appeals for the Second Circuit held that the decedent's estate was estopped to deny that the decedent was a U.S. citizen for estate tax purposes because the decedent had represented for other tax purposes that she was, and had always remained, a U.S. citizen.
9. Even though sec. 1312(3)(B) requires that the item excluded be the same, it does not follow that the duty of consistency is limited to exclusions involving the same item. Congress made it clear when it enacted the mitigation provisions that it was supplementing, and not overriding, equitable doctrines such as the duty of consistency. Mayfair Minerals, Inc. v. Commissioner, 56 T.C. 82, 94 (1971), affd. 456 F.2d 622 (5th Cir. 1972); S. Rept. 1567, 75th Cong., 3d Sess. (1938), 1939-1 C.B. (Part 2) 779, 815. The duty of consistency may be applicable in situations where the mitigation provisions do not apply. Mayfair Minerals, Inc. v. Commissioner, supra↩.
10. Petitioner is wrong in asserting that Brutsche v. Commissioner, 585 F.2d 436, 439 (10th Cir. 1978), remanding 65 T.C. 1034 (1976), stands for the proposition that an equitable doctrine cannot be used by a court to overcome a technically invalid election. Although the United States Court of Appeals for the Tenth Circuit held in Brutsche v. Commissioner, supra, that the subchapter S election made by the taxpayers there was not valid because they did not meet all of the technical requirements for making such an election, that court remanded the case to the Tax Court to determine whether estoppel applied to prevent the taxpayers from denying that they made a valid subchapter S election. Thus, the remand by the Court of Appeals for the Tenth Circuit in Brutsche for that purpose undermines petitioner's argument here that the duty of consistency cannot be used to overcome a technically invalid election. Furthermore, this Court rejected the same type of argument petitioner is advancing in the present case when it held in Coldiron v. Commissioner, T.C. Memo. 1987-569↩, that the duty of consistency could be applied to prevent a taxpayer from denying that a previous subchapter S election was valid.